# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.
               Case No. 97-CR-10053-003-EFM

HESIQUIO J. BOWERS,

     *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion to Clarify the Priority of Restitution Payments to Victims (Doc. 169) in the criminal judgment entered against Defendant Hesiquio J. Bowers on September 26, 1997 (Doc. 86).[1] The judgment imposed a $200 assessment and $42,706.54 in restitution to be paid to the victims in the case, including Ron Murphy, the direct victim, and two insurance companies which directly compensated him. The judgment did not set priority for payments; thus, the Clerk has distributed restitution payments *pro rata* amongst each victim. In its Motion, the Government requests the Court prioritize future restitution payments to Ron Murphy to be consistent with 18 U.S.C. § 3579(e)(1) (1984) (current version at 18 U.S.C. § 3664(j)(1)).[2]

---

[1] The Government's Motion states the judgment was entered on August 18, 2006, but cites the judgment at Doc. 86 entered on September 26, 1997. The Government's August 18, 2006, date may refer to the revocation judgment entered against the Defendant on that date at Doc. 141. Because the Government specifically cites Doc. 86 throughout its Motion, the Court considers the appropriate judgment date as September 26, 1997.

[2] Defendant was sentenced pursuant to the Sentencing Reform Act of 1984. The date of the offenses Defendant plead guilty to were on or about January 20, 1997. *See* Doc. 31; Doc. 86.

In 1996, 18 U.S.C. § 3664 was amended to include section 3664(j)(1), which provides:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.[3]

Under this provision, the Court erred by not ensuring the order of restitution prioritized payments to Ron Murphy over the two insurance companies in the restitution order, although no request for the Court to do so was ever made.

Correcting the error, however, is a different matter. Although styled a "Motion to Clarify," the Government's request would require the Court to insert words into the judgment that do not presently appear. "A district court does not have inherent authority to modify a sentence."[4] The Government's Motion provides no authority under which the Court can modify the order of restitution here. The Court's own research finds that an order of restitution is a final judgment that may only be altered in select circumstances under 18 U.S.C. § 3664(o):

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such sentence can subsequently be—
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or
>
> (D) adjusted under section 3664(k); 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

---

[3] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. II, § 206(a), 110 Stat 1214, 1232 (1996) (codified as amended at 18 U.S.C. § 3664(j)(1)).

[4] *United States v. Dando*, 287 F.3d 1007, 1009 (10th Cir. 2002) (citation omitted).

The Government's Motion does not fall within the enumerated exceptions in sections 3664(o)(1)(B),[5] (C),[6] or (D),[7] nor does it fall within section 3664(o)(2).[8] The only enumerated exception that could apply to the Government's request is subsection (o)(1)(A), a correction under Fed. R. Crim. P. 35.[9] Rule 35(a) provides that "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." But such correction must occur "[w]ithin 14 days after sentencing." Here, it is well past 14 days after sentencing such that Rule 35(a) would not permit the Court to grant the Government's request, if argued.

In addition, the Court notes Fed. R. Crim. P. 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other party of the record, or correct an error in the record arising from oversight or omission" after giving appropriate notice. But the Government makes no Rule 36 argument; consequently, the Government's Motion must be denied.[10]

**IT IS THEREFORE ORDERED** that the Government's Motion to Clarify the Priority of Restitution Payments to Victims (Doc. 169) is **DENIED.**

---

[5] 18 U.S.C. § 3742 addresses sentencing appeals.

[6] 18 U.S.C. § 3664(d)(5) addresses losses unascertainable at the time of sentencing.

[7] 18 U.S.C. § 3664(k) addresses manner of restitution payments upon a defendant's change in economic circumstances; section 3572 addresses imposition of a fine in relation to restitution; and section 3613A addresses the effect of a default in restitution payments.

[8] 18 U.S.C. § 3565 addresses revocation of probation and section 3614 addresses resentencing upon failure to repay restitution.

[9] 18 U.S.C. § 3664(o)(1)(A) also refers to section 3742, but that provision addresses sentencing appeals.

[10] *See United States v. Hall*, 2025 WL 1837374, at *2 (D. Kan. July 3, 2025) ("Certainly, the court cannot substantively alter a criminal sentence under the guise of a 'motion to clarify' or Rule 36. And perhaps the government could persuade the court that the correction it seeks is not a substantive alteration but merely a correction as contemplated by Rule 36. Regardless, the government, in its motion, has not marshaled its argument in a way that permits the court to resolve this issue in its favor.").

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE